IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON ADAMS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 23-1626 |
| | : | |
| **TRANSUNION CONSUMER SOLUTIONS** | : | |
| | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                         June 29, 2023

    Our federal courts work to resolve disputes based on facts. The press of the public's work does not allow us to waste taxpayer resources on resolving claims based on patently false facts. Serial litigant Brandon G. Adams pro se sues yet another credit reporting agency for wrongly reporting an unidentified student loan debt. We granted Mr. Adams leave to proceed without paying filing fees and must now screen his Complaint. His claim is frivolous.

    Mr. Adams confirmed during this week's oral argument the credit reporting agency misreports a student loan debt because he handwrote a Form 1099-C representing himself as the creditor and advising the Internal Revenue Service he forgave $100 million in debt owed by the Department of Education and a loan servicer to him. He repeatedly confirmed his filing of his 1099-C with both the Internal Revenue Service and our Court. This is a patently false statement. Yet he somehow deludes himself to argue the fake forgiveness of $100 million in debt to him affects his alleged student loan obligation he believes is reported on an unidentified credit report. He brought the same claim in other courts. We will not tolerate his lies.

    We dismiss Mr. Adams's claim against the credit reporting agency based upon a self-authored 1099-C forgiving a $100 million debt the Department of Education owes him with prejudice. We refer his conduct to the United States Attorney and notify our colleagues also investing public resources into reviewing his claims.

I.  **Alleged pro se facts**

Las Vegas resident Brandon G. Adams pro se sues Transunion Consumer Solutions for misreporting a debt he believes he paid to Aidvantage and Navient relating to student loans.[1] His Complaint is sparse at best. We asked him the basis for his understanding Transunion had misrepresented some debt. He repeatedly told us during oral argument to look to Exhibit 4 which he had filed attaching a 1099-C. We reviewed the 1099-C with him and Transunion's counsel. Mr. Adams swore to the Internal Revenue Service he forgave a $100,000,000 debt owed by the Department of Education/Aidvantage to him.[2] Mr. Adams does not show anyone forgiving his student loan debts. He filed this self-prepared and patently false Form 1099-C in this Court and with the Internal Revenue Service. He offers no basis whatsoever to find anyone forgave student loan obligations reported on an unidentified credit report.

II.  **Analysis**

We granted Mr. Adams leave to proceed *in forma pauperis* after review of his sworn financial condition last month.[3] Congress requires we screen his Complaint and dismiss if we find his action frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[4] We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii).[5] We accept all factual allegations in Mr. Adams's Complaint as true and construe those facts in the light most favorable to him to determine whether he states a claim to relief plausible on its face.[6]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings . . . ."[7] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[8] But "pro se litigants still must

2

allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[9]

A person owed money files a Form 1099-C with the Internal Revenue Service when an "applicable entity . . . discharges (in whole or in part) the indebtedness of any person during any calendar year."[10] There are eight delineated events triggering the filing and issuance of a 1099-C, among which is a "discharge of indebtedness" after a creditor (i.e. the person who is owed the debt) decides "to discontinue collection activity and discharge debt."[11]

Mr. Adams's allegations are the definition of frivolous. Mr. Adams offers no basis to find he, as the creditor, forgave a $100,000,000 debt owed by the Department of Education. But even if so, there is no basis to find Transunion misreported a debt owed by Mr. Adams relating to his student loans. Mr. Adams's self-prepared 1099-C has nothing to do with Mr. Adams's purported student loan obligations. Reviewing his Complaint based upon his admissions confirms an utter lack of understanding of the nature of the claim under federal law.

We repeatedly asked Mr. Adams to provide a basis to find someone had forgiven his debt or he otherwise paid his student loan debt. He repeatedly could not do so. He instead told us he was not bound by the Federal Rules of Civil Procedures or Federal Rules of Evidence other than we must take judicial notice of the Constitution and he demands a trial by jury along with various rights under the Fifth and Fourteenth Amendments. We find no ability for Mr. Adams to amend to bring a claim against Transunion based upon the forgiveness of debt by some student loan agency based upon the 1099-C which he wrote forgiving $100,000,000 in debts from the Department of Education owed to him.

We specifically asked Mr. Adams if he had earlier filed cases in federal court. He represented to us he had not. He lied to us. The public record confirms he is a serial litigant.[12] In

3

*Adams v. Navient*, Mr. Adams sues Navient bringing many of the same types of claims he now pleads against Transunion.[13] He also attaches a handwritten Form 1099-C to his complaint in *Navient* showing he forgave a $100,000,000 debt owed by Navient to him.[14] This case is pending in front of Chief Judge Connolly in the United States District Court for the District of Delaware. In *Adams v. Ally Auto et al.* and *Adams v. Equifax* both currently pending in the United States District Court for the District of Nevada, Mr. Adams sues Ally Auto, Experian, and Equifax and filed a 1099-C with Judges Boulware and Gordon showing he as the creditor discharged a $50,000 debt owed to him by Ally Auto.[15] In *Adams v. Ally Financial*, Mr. Adams currently sues Ally Financial in the United States District Court for the Eastern District of Michigan and attaches to his complaint another handwritten 1099-C showing he as the creditor discharged a $50,000 debt owed to him by Ally Financial.[16]

    Judge Silva less than one year ago ordered Mr. Adams to show cause in a case he brought against various judges and clerks in the District of Nevada, and the Clerk of Court for the Ninth Circuit why he should not be declared a vexatious litigant and subject to a permanent pre-filing injunction.[17] Judge Silva recognized Mr. Adams "initiated eight pro se lawsuits with the U.S. District Court for the District of Nevada in a span of less than two years" and he "files frivolous and meritless matters against entities, persons, or both, that do not and cannot state a claim."[18] Those cases centered around his divorce and child custody proceedings.[19] Judge Silva noted how the filings in those lawsuits are accompanied by a "deluge of 'notices' containing Color of Law violation warnings, judicial opinions, email submissions, certified mail receipts, statutory text, child support delinquency notices, and 'affidavits' containing demands, allegations of new facts, or requesting miscellaneous relief, all of which are immaterial and have no bearing on the

controversies before the Court" but "pose an extraordinary, unnecessary burden, not just on the courts, but on their personnel."[20]

The new wave of cases Mr. Adams recently filed (which he did not disclose to us after we asked), including the one we consider today, center around credit reporting agencies misreporting debts and are also flooded with the endless and repetitive filings described by Judge Silva.[21]

We then proceeded to examine Mr. Adams's fact basis for his allegation. He repeatedly represented he based his claim on a Form 1099-C which he filed with the Internal Revenue Service showing he forgave a $100 million debt owned by the Department of Education/Aidvantage to him. We asked how the Department of Education could owe him the money. He did not answer. He instead invoked judicial notice and his Seventh Amendment right to a jury trial. He wrongly claimed we must give him a jury trial simply because he filed suit. He appears to have lied to the Internal Revenue Service and then copied this lie in a federal court proceeding. He is abusing the federal and state court systems.

We refer Mr. Adams's lies in sworn documents submitted to this Court and the Internal Revenue Service to the United States Attorney. We recognize the United States Attorney investigates serious crimes involving much larger frauds. But we cannot allow false facts submitted to federal courts and agencies to remain unchecked. Ignoring the lies while we move on to real disputes seemingly emboldens Mr. Adams. We are vested with the public trust in ascertaining facts based on good faith representations.

## III. Conclusion

We dismiss Mr. Adams's Complaint as frivolous under section 1915. We dismiss his Complaint with prejudice. We refer his apparent lies to the United States Attorney for further review. We also direct our Clerk of Court to forward today's Order and this Memorandum to

Judges Boulware, Gordon, Connelly, Goldsmith, Pacold, and Alonso as they invest public resources evaluating Mr. Adams's allegations.

---

[1] ECF Doc. No. 1.

[2] ECF Doc. No. 4. Aidvantage is an "official servicer" for the Department of Education loans and helps its clients "better understand and manage repayment of [] federal student loans." *See* About Aidvantage, https://aidvantage.com/getting-started/about-aidvantage (last visited June 29, 2023).

[3] ECF Doc. No. 6.

[4] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[5] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[6] *Id*. (quoting *Fleisher v. Standard Ins. Co*., 679 F.3d 116, 120 (3d Cir. 2012)).

[7] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011)).

[8] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244 (3d Cir. 2013)).

[9] *Id*. (quoting *Mala*, 704 F.3d at 245).

[10] *Lewis v. Synchrony Bank*, No. 20-3090, 2021 WL 307546, at *2 (D.N.J. Jan. 28, 2021) (quoting 26 U.S.C. § 6050P).

[11] *Id*. (quoting 26 C.F.R. § 1.6050P–1(b)(2)(i)(G)).

[12] Mr. Adams filed a series of cases under the Fair Credit Reporting Act and various civil rights statutes within the last six months against credit reporting agencies. *See Adams v. Ally Auto et al.*, No. 22-2173 (D. Nev. Dec. 30, 2022) (Boulware, J.) at ECF Doc. No. 1; *Adams v. Equifax*, No. 23-506 (D. Nev. April 4, 2023) (Gordon, J.) at ECF Doc. No. 1; *Adams v. Navient*, No. 23-479 (D. Del. May 1, 2023) (Connolly, C.J.) at ECF Doc. No. 1; *Adams v. Ally Financial*, No. 23-11134 (E.D. Mich. May 15, 2023) (Goldsmith, J.) at ECF Doc. No. 1; *Adams v. Experian*, No. 23-3100 (N.D. Ill. May 17, 2023) (Pacold, J.) at ECF Doc. No. 1; *Adams v. Experian*, No. 23-3246 (N.D. Ill. May 23, 2023) (Alonso, J.) at ECF Doc. No. 1.

[13] *Adams v. Navient*, No. 23-479 (D. Del. May 1, 2023) at ECF Doc. No. at 1.

[14] *Adams v. Navient*, No. 23-479 (D. Del. May 1, 2023) at ECF Doc. No. at 7.

6

---

[15] *Adams v. Ally Auto et al.*, No. 22-2173 (D. Nev. Dec. 30, 2022) at ECF Doc. No. 8 at 1; *Adams v. Equifax*, No. 23-506 (D. Nev. April 4, 2023) at ECF Doc. No. 1-2 at 1.

[16] *Adams v. Ally Financial*, No. 23-11134 (E.D. Mich. May 15, 2023) at ECF Doc. No. 1 at 6.

[17] *Adams v. Boulware II et al.*, No. 22-01234 (D. Nev. Aug. 5, 2022) at ECF Doc. No. 6.

[18] *Id.* at 3.

[19] *Id*. at 4.

[20] *Id*.

[21] *See, e.g*., ECF Doc. Nos. 4, 12, 13, 15, 18, 24. *See also Adams v. Ally Auto et al.*, No. 22-2173 (D. Nev. Dec. 30, 2022); *Adams v. Equifax*, No. 23-506 (D. Nev. April 4, 2023); *Adams v. Navient*, No. 23-479 (D. Del. May 1, 2023); *Adams v. Ally Financial*, No. 23-11134 (E.D. Mich. May 15, 2023); *Adams v. Experian*, No. 23-3100 (N.D. Ill. May 17, 2023); *Adams v. Experian*, No. 23-3246 (N.D. Ill. May 23, 2023).